UNITED STATES of America, Plaintiff,

v.

Ronald VEATCH; and Robert Sealander, Defendants.

No. CR–93–128–C.

United States District Court,
W.D. Oklahoma.

Dec. 16, 1993.

William Lee Borden, Jr., Asst. U.S. Atty., Oklahoma City, OK, for plaintiff.

John W. Coyle, Oklahoma City, OK (Court-appointed), for Veatch for purposes of competency hearing only.

## MEMORANDUM OPINION AND ORDER

CAUTHRON, District Judge.

### Introduction

This matter is before the Court to determine if the defendant Ronald Veatch is competent to stand trial under 18 U.S.C. § 4241. The background facts are as follows. On June 6, 1993, Veatch was charged by indictment in the Western District of Oklahoma with conspiracy, bank fraud, false representation of a social security number and unlawful financial transactions affecting interstate commerce. During the pendency of this action, Veatch has rejected court-appointed counsel, and has insisted on proceeding *pro se*.[1] Veatch has continually insisted he is competent to stand trial while asserting that, *inter alia*, since the 1960s, he has been the subject of a "vendetta" campaign waged by the United States Government, the Central Intelligence Agency and the Federal Judiciary to selectively persecute him for his alleged refusal to testify against a federal judge in a criminal proceeding. Veatch asserts he is eager to be tried so he will have an opportunity to air the above conspiracy theories and be vindicated.

---

1. Although some of Mr. Veatch's writings express a desire to hire an attorney named E.X. Martin, no entry of appearance has been made to date.

On July 19, 1993, the United States moved to have a psychological or psychiatric examination performed on Veatch after his behavior in court and his ideas expressed in a sundry of motions and applications revealed bizarre thoughts regarding the nature and origin of this prosecution. Pursuant to the Order of U.S. District Judge Wayne E. Alley,[2] Veatch was examined at the United States Medical Center for federal prisoners in Springfield, Missouri. He was evaluated from August 4, 1993, until September 2, 1993, and a forensic report was issued by clinical psychologist, David F. Mrad, Ph.D. Veatch was not willing to openly participate in the evaluation, so Dr. Mrad relied mainly on observations made by clinical and correctional staff, past mental health records, and information provided by family members.[3]

By Order dated October 27, 1993, Judge Alley acknowledged the receipt of Dr. Mrad's evaluation and gave Veatch notice that he had the right to have a second evaluation. The Court appointed John W. Coyle to represent Veatch for the limited purpose of the competency hearing, and he secured the services of a private psychiatrist, John R. Smith, M.D. Dr. Smith interviewed Veatch on Sunday, November 27, 1993, and issued a report regarding his findings on November 30, 1993.[4]

 On the same day that the competency hearing was being held, Veatch filed a *pro se* motion to recuse all but one of the remaining United States judges for the Western District of Oklahoma, including the undersigned. He also requested that his case be transferred to the Southern District of California. *United States v. Veatch,* 842 F.Supp. 480 Motion To Recuse (W.D.Okla. 1993). It appears that Veatch is attempting to use recusal motions to force the forum and judge he wants, which will not be tolerated by this Court. *See McCann v. Communications Design Corp.,* 775 F.Supp. 1506 (D.Conn.1991). A recusal motion under 28 U.S.C. § 455 providing for disqualification or recusal of federal judges is committed to the sound discretion of the district judge. *United States v. Burger,* 964 F.2d 1065 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1854, 123 L.Ed.2d 477 (1993). In exercising this discretion, the Court denies Veatch's motion.

On December 8, 1993, this Court conducted a full evidentiary hearing, pursuant to 18 U.S.C. §§ 4241 and 4247(d), to determine Veatch's mental competency. Veatch appeared personally and with counsel, John W. Coyle. Plaintiff, United States of America, appeared through Wm. Lee Borden Jr., Assistant United States Attorney. The above expert witnesses both testified at the hearing, each reaching a different conclusion regarding the mental competency of Veatch.[5] Although Dr. Mrad, the government's expert witness, acknowledged that Veatch was suffering from an acute personality disorder, he maintained that Veatch was still competent to stand trial. Dr. Smith concluded that Veatch was not competent to stand trial because his current mental condition prevented him from making a meaningful waiver of his right to counsel or from assisting counsel and/or participating in his own defense.

The United States took the position that Veatch was competent to stand trial. Defense attorney John W. Coyle made an initial record at the hearing, stating that he would be pursuing a course of representation that was in direct conflict with the wishes of his

---

**2.** The undersigned judge acquired this case upon reassignment by the Court Clerk after U.S. District Judge Alley's recusal on October 28, 1993.

**3.** Although Veatch stated that he did not want to cooperate with the evaluation and was unwilling to relate much information about himself, he did give some information. Sometime during his hospitalization, Veatch told Dr. Mrad that: he has been harassed by the FBI since the late 1960s because he refused to falsely testify against a federal judge. He also said that the government harassed him because he has a powerful multibillionaire father-in-law who worked for the CIA and has tremendous political influence. He also claimed that Judge Alley, the U.S. District Judge who ordered the evaluation, once worked for his father-in-law in CIA covert operations.

**4.** Although the services of Dr. Smith were secured on behalf of Veatch, he refused to be interviewed by Dr. Smith on at least one occasion.

**5.** The government also called a FBI Agent Bradford Wheeler who described the circumstances surrounding Veatch's arrest.

client. John Coyle asserted incompetency on behalf of Veatch despite his objections, after meeting with Veatch on several occasions, reviewing the record herein, and having concluded that Veatch was not competent to stand trial and that establishing incompetence was in his client's best interest.

## Burden of Proof

In the absence of any indications to the contrary, a defendant charged with criminal behavior is presumed to be mentally competent to stand trial. *Brown v. Warden, Great Meadow Correctional Facility,* 682 F.2d 348 (2d Cir.), *cert. denied,* 459 U.S. 991, 103 S.Ct. 349, 74 L.Ed.2d 388 (1982). "However, once a defendant's competency has been called into question, either by the defendant or the prosecution expressly raising the issue, or through the presence of "warning signals" which cause the court to raise the question *sua sponte,* the burden is placed on the prosecution to prove that the defendant is mentally competent to stand trial." *Id.* The burden is one of preponderance of the evidence. *See* 18 U.S.C. § 4241(d).

## Title 18 U.S.C. § 4241

The United States argues that Veatch understands the proceedings against him, and is capable of conducting or assisting in his own defense. However, all the information before the Court creates a substantial question as to the reliability of this conclusion. The Supreme Court set out the legal test for competency in *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam):

> "[I]t is not enough for the district judge to find that 'the defendant [is] oriented to time and place and [has] some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"

*Lafferty v. Cook,* 949 F.2d 1546, 1550 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1942, 118 L.Ed.2d 548 (1992). The critical focus of this inquiry is whether the defendant has a *rational* as well as factual understand-

ing of the proceedings against him. *Id.* Based on the record before the Court, all the testimony and documentary exhibits, and having considered the closing arguments of counsel and an appearance in open court by Veatch, the Court finds that the government has failed to show by a preponderance of the evidence that defendant Ronald Veatch is competent to stand trial.

The Court notes that Dr. Smith is a board certified psychiatrist whose education and experience are greater than the government's expert. Further, Dr. Smith's rationale and conclusions with regard to competency had greater weight and credit than that of the government's expert. Dr. Smith testified that, although Veatch's actions are in many instances calculating, his paranoid thinking and mistrust of the judicial system in general prevented him from participating in the proceeding with the requisite degree of rationality. Dr. Smith also found that Veatch believed unconditionally the conspiracy theories referred to above, and the fact that his current incarceration was the direct result of the persistence of the government in persecuting him for other acts. Dr. Smith testified that Veatch was capable of understanding the proceedings against him; however, his severe personality disorder, which both experts agree is wrought with paranoid, narcissistic and antisocial traits, rendered him incapable of effectively assisting counsel in his defense or conducting his own defense. In sum, Dr. Smith's testimony set a foundation that logically leads to his conclusion that the defendant's irrational thoughts prevented him from being competent to stand trial.

Although the conclusion of Dr. Mrad was given serious consideration, this Court found inconsistencies in his theory that detracted from his overall conclusion. Dr. Mrad's forensic report and testimony outlined Veatch's record of mental illness and aberrant behavior, and concluded that Veatch is not currently suffering from a mental disease that renders him incompetent to stand trial. However, Dr. Mrad testified that if Veatch were "psychotic," he would be unfit to stand trial under the statutory formulation outlined in section 4241, and that, if Veatch believed fantasies that have no rational basis in fact,

he would be "psychotic." Dr. Mrad's conclusions hinge on his finding that Veatch did not believe the bizarre and outlandish factual scenarios that he discussed. However, Dr. Mrad's testimony at the hearing was that Veatch *did* believe in some of his positions. Neither Dr. Mrad's report nor his testimony explains why, if Veatch's symptoms fit Dr. Mrad's definition of the word "psychotic," Veatch would be competent to stand trial. The presence of this contradiction or inconsistency detracts from the weight and credit of Dr. Mrad's conclusion.

Finally, the Court finds the record generated in this case, coupled with Veatch's lengthy history of psychiatric disturbance, lends ample support to the finding of incompetency. The Court will not attempt to chronicle Veatch's bizarre activities because no summary of pleadings could adequately replace a thorough first-hand review of this record, including defendant's history of mental disorders.

For the reasons stated above, the Court finds the United States has failed in its burden of proof and that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.

## Conclusion

Veatch's December 8, 1993, motion to recuse is DENIED. In accordance with the above explanation, the Court finds defendant Ronald E. Veatch incompetent to stand trial in this matter under 18 U.S.C. § 4241. An order will be entered to have Veatch committed as provided in 18 U.S.C. § 4241(d).

IT IS SO ORDERED.